IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| CROSSVILLE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 2:09-0120 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | JURY DEMAND |
| KEMPER DESIGN CENTER, INC., | ) | |
| JEROME H. BERKEMEYER, | ) | |
| JIM BERKEMEYER, EDWARD SPAR, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

The Plaintiff respectfully moves this Court, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for entry of Judgment on the Pleadings as to Defendants' liability under[1] Count I of the Verified Complaint. The specific grounds for this motion are as follows:

1. The pleadings in this matter are closed.

2. No material issue of fact exists.

3. Attached to the Verified Complaint as Exhibit A is a true and correct copy of the February 29, 2008 Promissory Note which Kemper Design Center, Inc. ("Kemper") executed in favor of Plaintiff, in the original principal amount of Two Hundred Thirty-Nine Thousand, Four Hundred Seventy-Nine and 29/100 Dollars ($239,479.29).

4. Attached to the Verified Complaint as Exhibit B is a true and correct copy of the December 31, 2008 Modification executed by Kemper in the principal amount of One

---

[1] Plaintiff is reserving the issue of the amount of damages for a later determination.

Hundred Seventy-Four Thousand, Four Hundred Three and 32/100 Dollars ($174,403.32) with a maturity date of September 1, 2009.

5. The December 31, 2008 Modification (Exhibit B) specifically provides: "Upon execution by Kemper, this Note replaces and modifies that certain Promissory Note of Kemper to Crossville, dated February 29, 2008, in the original principal amount of $239,479.29."

6. The December 31, 2008 Modification (Exhibit B) modified and extended the remaining indebtedness under the February 29, 2008 Promissory Note (Exhibit A) to a total indebtedness in the amount of One Hundred Seventy-Four Thousand, Four Hundred Three and 32/100 Dollars ($174,403.32).

7. The December 31, 2008 Modification (Exhibit B) extended the due date for the final payment pursuant to the February 29, 2008 Promissory Note (Exhibit A) from March 1, 2009 to September 1, 2009.

8. The February 29, 2008 Promissory Note (Exhibit A) and the December 31, 2008 Modification (Exhibit B) both provide for acceleration of payment and payment in full upon default.

9. The February 29, 2008 Promissory Note (Exhibit A) and the December 31, 2008 Modification (Exhibit B) both provide that demand, presentment for payment, notice of dishonor, protest, notice of protest or diligence in collection, and all other notices or demands whatsoever are waived by "all persons or corporations now or at any time liable, whether primarily or secondarily, as principal, maker, endorser, surety, guarantor or otherwise, for the payment of the indebtedness" evidenced by the

February 29, 2008 Promissory Note (Exhibit A) and the December 31, 2008 Modification (Exhibit B).

10. The February 29, 2008 Promissory Note (Exhibit A) and the December 31, 2008 Modification (Exhibit B) both provide that "principal and interest shall bear interest after maturity, whether by acceleration or otherwise, at the highest rate of interest allowed by law or at a rate of eighteen percent (18%) per annum, whichever shall be lower," and that, after default, "interest shall accrue on the outstanding principal balance of this Note from the date of any default hereunder (so long as such default continues)…at the highest rate of interest allowed by law or at a rate of 18% per annum; whichever shall be lower."

11. The February 29, 2008 Promissory Note (Exhibit A) and the December 31, 2008 Modification (Exhibit B) both obligate Kemper to pay all costs incident to collection, including reasonable attorneys' fees actually incurred.

12. Attached to the Verified Complaint as Exhibits C, D and E are true and correct copies of the February 29, 2008 Personal Guaranty executed by each of the individual Defendants, Jerome H. Berkemeyer, Jim Berkemeyer, and Edward Spar (collectively, the "Guarantors"), whereby each personally guaranteed the full and prompt payment and performance to Plaintiff for "all indebtedness and obligations now or hereafter evidenced by or owing pursuant to the Promissory Note dated February 29, 2008, in the original amount of $239,479.29 executed by Debtor to Lender, whether principal, interest or otherwise."

13. Pursuant to their Personal Guaranty (Exhibits C, D and E, respectively), each of the Guarantors also individually guaranteed the full and prompt payment and

3
Case 2:09-cv-00120   Document 8   Filed 05/19/10   Page 3 of 7 PageID #: 80

performance to Plaintiff of "[a]ll indebtedness and obligations of [Kemper] now or hereafter evidenced by or owing pursuant to any and all other instruments and documents now or hereafter evidencing or securing the indebtedness and obligations owing by [Kemper] to [Plaintiff] pursuant to the above [February 29, 2008] Promissory Note."

14. Pursuant to their Personal Guaranty (Exhibits C, D and E, respectively), each of the Guarantors individually agreed that "[t]his Guaranty shall be continuing, absolute and unconditional, and ***shall apply to and cover all renewals, extensions and modifications of the indebtedness***."  (Emphasis added).

15. Pursuant to their Personal Guaranty (Exhibits C, D and E, respectively), each of the Guarantors individually agreed to "pay all costs and expenses incurred in connection with the collection of sums due hereunder and the enforcement and protection of [Plaintiff's] rights hereunder, including but not limited to reasonable attorneys' fees."

16. Pursuant to their Personal Guaranty (Exhibits C, D and E, respectively), each of the Guarantors expressly waived "notice of the incurring of any indebtedness by [Kemper],…, presentment and demand for payment, protest, notice of protest and notice of dishonor of any instrument now or hereafter evidencing all or any part of the Indebtedness, any right to require suit or legal action against [Kemper] or any other party prior to enforcing this instrument,…."

17. Pursuant to their Personal Guaranty (Exhibits C, D and E), each of the Guarantors individually agreed that his liability under his Personal Guaranty is "direct and immediate and not conditional or contingent upon the pursuit of any remedies against [Kemper] or any other person, nor against any collateral available to [Plaintiff]."

18. Kemper failed to make the payment due to Plaintiff on February 1, 2009, and has failed and/or refused to make any further payments due and owing to Plaintiff.

19. Plaintiff sent notice of default and acceleration on March 6, 2009, to the Defendants via U.S. Certified Mail, and put the Defendants on notice of Plaintiff's intent to enforce the provisions of the Note and the Personal Guaranties including, but not limited to, the provisions regarding the collection of the attorney's fees and costs/expenses incurred by Plaintiff in the collection of Kemper's indebtedness pursuant to the Note. A true and correct copy of said notices of default and acceleration is attached to Verified Complaint and incorporated therein by reference collectively as Exhibit F.

20. To date, the Defendants have failed to pay the outstanding indebtedness of Kemper due and owing to Plaintiff.

21. Plaintiff has retained the services of the undersigned attorneys to collect the amounts due and owing under the Note (Exhibits A and B) and the Personal Guaranties (Exhibits C, D and E) and to represent it in this matter.

22. Plaintiff has fully performed pursuant to the terms of the Note (Exhibits A and B), and Kemper has breached and defaulted under the Note (Exhibits A and B) by failing to pay the amounts due to Plaintiff.

23. Pursuant to the terms of their Personal Guaranty as detailed at Exhibits C, D and E, respectively, each of the Guarantors is individually and personally liable to Plaintiff for the indebtedness of Kemper pursuant to the February 29, 2008 Promissory Note (Exhibit A).

24. Kemper is liable to Plaintiff for breach of and default under the February 29, 2008 Promissory Note (Exhibit A), as modified and extended by the December 31, 2008 Modification (Exhibit B), for the unpaid principal amount due thereunder, plus interest at eighteen percent (18%) from the date of default, and all costs of collection and attorney's fees.

25. Each of the Guarantors is individually and personally liable to Plaintiff for breach of his Personal Guaranty (Exhibits C, D and E, respectively) for Kemper's indebtedness to Plaintiff under the February 29, 2008 Promissory Note (Exhibit A), as modified and extended by the December 31, 2008 Modification (Exhibit B), for the unpaid principal amount due thereunder, plus interest at eighteen percent (18%) from the date of default, and all costs of collection and attorney's fees.

For the reasons set forth above, in the pleadings and exhibits, and in the supporting Memorandum filed contemporaneously herewith, Plaintiff is entitled to Judgment on the Pleadings as to Defendants' liability under Count I of the Verified Complaint. Plaintiff requests entry of a final Judgment on the issues and claims presented herein pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Respectfully submitted,

s/ J. Brad Scarbrough
J. Brad Scarbrough, BPR #20980
LAW OFFICE OF BRAD SCARBROUGH, PLC
5214 Maryland Way, Suite 207
Brentwood, TN 37027-5071
Ph 615-369-9996
Fx 615-515-4491
Email brad@scarbroughlaw.com
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served via this Court's CM/ECF system on following on May 19, 2010:

Daniel H. Puryear
Janna Eaton Smith
Maximilian Loosen
144 Second Avenue North
The Pilcher Building, Suite 300
Nashville, TN 37201

s/ J. Brad Scarbrough